# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| PAMELA POWELL,<br><br>Plaintiff,<br>v.<br><br>WAL-MART STORES, INC.; WALMART INC.; WAL-MART ASSOCIATES, INC.; ANDREW PETERSON; RONALD ADAMS; TRACIE WATKINS WORM; REID CHARPENTIER; BRET MCCAL; JANE DOE; WALMART JACK DOE I; WALMART JACK DOE II; JAMES R. WALDHOUSER; PARKER T. OLSON; COUSINEAU, WALDHAUSER & KIESELBACH, P.A.; JAMES BAUMGARTH; RONALD M. STARK; CARL SOMMERER; MICHAEL G. SCHULTZ; SOMMERER & SCHULTZ, PLLC; MICHAEL SCHULTZ LAW FIRM; SCOTT A KRUGER; AARON FERGUSON LAW; COLLEEN DAVIS; MINNESOTA DEPARTMENT OF ECONOMIC DEVELOPMENT; PATRICIA CLARK; CLAIMS MANAGEMENT, INC. *d/b/a* ARKANSAS CLAIMS MANAGEMENT, INC., ALYSHA PHIPPS; NEW HAMPSHIRE INSURANCE COMPANY; BERNARD (GLASSBERG) SANDERS; MARK B. DAYTON; SAND PROPERTY MANAGEMENT, LLC; SAND PROPERTY MAINTENANCE, LLC; RENEE RETTERATH; BRIAN SANS CRANTE; JESSE ATWOOD; ATWOOD JANE DOE I; and JANE DOE II,<br><br>Defendants. | Civil No. 19-1590 (JRT/SER)<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE RULING** |

Pamela Powell, P.O. Box 541, Chanhassen, MN 55317, *pro se* plaintiff.

## BACKGROUND

This case arises out of Plaintiff Pamela Powell's employment by Defendant Wal-Mart, Inc. ("Wal-Mart"). Powell alleges that Walmart illegally discriminated against her based on her religion, race, gender, national origin, disability, and marital status. (Compl. at 9–10, June 17, 2019, Docket No. 1.) In addition to claims brought against Wal-Mart, Powell also brings assorted claims against various other defendants. (*See, e.g.*, *id.* at 2–4, 7, 15–17.) While her facts are unclear, Powell generally alleges violations of the Organized Crime Act of 1970 and the Racketeer Influenced and Corrupt Organizations Act, among others. (*See, e.g.*, *id.* at 7, 15–17.)

Powell filed her complaint on June 17, 2019 seeking to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (IFP App., June 17, 2019, Docket No. 2.) The Magistrate Judge temporarily denied Powell's IFP application, noting that while Powell qualified financially for IFP status, her complaint was largely "frivolous and malicious" under 28 U.S.C. § 1915(e)(2)(B)(i). (Order at 2–3, June 25, 2019, Docket No. 4.) The Magistrate Judge came to this conclusion because Powell failed to provide any "justification whatsoever" as to why dozens of the additional defendants—ranging from a court reporter in a previous lawsuit to a U.S. Senator from Vermont—were included in her Complaint. (*Id.*) The Magistrate Judge ordered Powell to amend her complaint and name only those defendants whom she believed violated the law and to allege "as clearly as possible" why Powell believed the defendants violated the law. (*Id.* at 3.) The Order noted

that if Powell failed to amend her complaint by July 19, 2019, the Magistrate would recommend dismissal without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). (*Id.* at 3–4.)

On July 19, 2019, Powell objected to the Magistrate Judge's Order, made a motion for the Magistrate Judge's recusal, requested an extension of time to affect service to coincide with the date her IFP application is approved, and amended her complaint. (Obj. to Order at 2, 7, 8–13, July 19, 2019, Docket No. 5.)

## DISCUSSION

### I. POWELL'S OBJECTIONS

First, while Powell objected to the Magistrate Judge's Order finding her Complaint frivolous or malicious under 28 U.S.C. § 1915(e), Powell also complied with the Order and amended her complaint. Because Powell complied with the Order by its deadline, there is no recommendation before the Court. Consequently, the Court will deem Powell's objection, at this time, moot,[1] and will refer this matter back to the Magistrate Judge for further review consistent with this order.[2]

Second, Powell motioned for the Magistrate Judge to be recused. The judicial officer for whom recusal is being sought must make the recusal determination him- or

---

[1] While not deciding the issue, the Court notes that Powell's objection to the Order would not likely be granted. In order to qualify for IFP, the Court must determine first whether the litigant is unable to pay filing fees. 28 U.S.C. § 1915(a). However, the analysis does not end there and the Court should dismiss the action—at any time— if it finds the action to be "frivolous or malicious," fails to state a claim, or seeks relief from a defendant that is immune. *See* and 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). While Powell's pro se allegations must be given liberal construction, they must plead at least some "arguable basis in law or fact" to avoid a finding of frivolity. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

[2] Further, because Powell's IFP application has not yet been granted, the Court will not decide whether Powell should get an extension to serve process should the IFP be granted.

herself. 28 U.S.C. § 455(a) ("Any justice, judge or magistrate judge of the Unite States **shall disqualify himself [or herself]** in any proceeding in which his [or her] impartiality might reasonably be questioned.") (emphasis added).[3] Because the Magistrate Judge has not decided whether he must recuse himself, the Court will not rule on Powell's motion at this time.[4]

Because the Court views Powell's objection as an attempt to comply with the Magistrate Judge's Order, the Court has no recommendation from the Magistrate on which to rule. Further, because the question of recusal has not been presented to the Magistrate in accordance with 28 U.S.C. § 455(a), the Court will refer this matter back to the Magistrate for further review consistent with this finding.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, Plaintiffs' Objection to the Magistrate Judge's Order [Docket No. 5] is deemed **MOOT** and the Magistrate Judge Order [Docket No. 4] is **AFFIRMED**.

---

[3] *See also Miami Valley Carpenters Dist. Council Pension Fund v. Scheckelhoff*, 123 F.R.D. 263, 266 (S.D. Ohio 1988) (stating "it is clear" that disqualification in the federal system is to be decided "in the first instance by the judicial officer sought to be disqualified").

[4] Even so, and while not deciding the issue, the Court notes that Powell's motion to recuse the Magistrate Judge for bias is based primarily on the contents of the Order. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). For recusal to be required, there must be "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*

DATED: October 4, 2019
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court